IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS LLC,<br><br>LEAR SIEGLER DIVERSIFIED HOLDINGS CORP.,<br><br> and<br><br>FERODO AMERICA, LLC,<br><br>Defendants. | Civil Action No. 1:22-cv-01647 |

**CONSENT DECREE**

TABLE OF CONTENTS

I.      BACKGROUND ................................................................................................... 1
II.     JURISDICTION ................................................................................................... 2
III.    PARTIES BOUND ................................................................................................ 2
IV.     DEFINITIONS ...................................................................................................... 3
V.      PAYMENT OF RESPONSE COSTS .................................................................. 5
VI.     FAILURE TO COMPLY WITH CONSENT DECREE ...................................... 7
VII.    COVENANTS BY PLAINTIFF ........................................................................... 9
VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES ..................................... 10
IX.     COVENANTS BY SETTLING DEFENDANTS AND SETTLING DEFENDANT'S
        RELATED PARTY ............................................................................................... 10
X.      EFFECT OF SETTLEMENT/CONTRIBUTION .............................................. 13
XI.     RETENTION OF RECORDS ............................................................................... 15
XII.    NOTICES AND SUBMISSIONS ......................................................................... 18
XIII.   RETENTION OF JURISDICTION ...................................................................... 19
XIV.    INTEGRATION ................................................................................................... 19
XV.     LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ........................ 20
XVI.    SIGNATORIES/SERVICE .................................................................................. 20
XVII.   FINAL JUDGMENT ............................................................................................ 21

## I.    BACKGROUND

A.    The United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed a complaint ("Complaint") in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the New Castle Asbestos Site in New Castle, Henry County, Indiana ("the Site").

B.    The defendants that have entered into this Consent Decree – Bridgestone Americas Tire Operations, LLC and Ferodo America, LLC (collectively the "Settling Defendants") – do not admit any liability arising out of the transactions or occurrences alleged in the Complaint.

C.    In 2001, Federal-Mogul Corporation, and certain of its subsidiaries, including Ferodo America, Inc., a predecessor of Settling Defendant Ferodo America, LLC, filed for bankruptcy under chapter 11 of the U.S. Bankruptcy Code. EPA filed claims in that bankruptcy action, including for certain environmental response costs at enumerated "Liquidated Sites," which were settled pursuant to the Order Confirming Fourth Amended Joint Plan of Reorganization ("Confirmed Plan"), the U.S. Department of Justice Global Settlement Agreement ("DOJ GSA"), and order of the Court approving the DOJ GSA. The DOJ GSA and Confirmed Plan also provided a framework for addressing the liability of the Debtors, including Settling Defendant Ferodo America, LLC, at other "Additional Sites," including the Site, which fall outside the category of Liquidated Sites.

1

D.      The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact, liability, or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.      JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b), and also has personal jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying Complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.      PARTIES BOUND

2.      This Consent Decree is binding upon the United States; upon Settling Defendants and their heirs, successors, and assigns; and upon Settling Defendant's Related Party and its heirs, successors, and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property,

2

shall in no way alter the status or responsibilities of Settling Defendants or Settling Defendant's Related Party under this Consent Decree.

## IV.    DEFINITIONS

3.    Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the U.S. Environmental Protection Agency.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper-or lower-case letter.

"Parties" shall mean the United States and the Settling Defendants.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through May 13, 2020, plus accrued Interest on all such costs through such date.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

4

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean Bridgestone Americas Tire Operations, LLC and Ferodo America, LLC.

"Settling Defendant's Related Party" shall mean Federal-Mogul Powertrain LLC, as alleged successor to Federal Mogul Corporation, but only to the extent that the alleged liability of such person is based on the alleged liability of Ferodo America, LLC, Manchester Realty Company, Inc., Federal-Mogul Friction Products, Federal-Mogul Corporation, and/or Ferodo America, Inc.

"Site" shall mean the New Castle Asbestos Site, encompassing approximately 9.34 acres, located at 1112 South 25th Street in New Castle, Henry County, Indiana.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V.     PAYMENT OF RESPONSE COSTS

4.     **Payment by Settling Defendants for Past Response Costs**. Within 30 days after the Effective Date, each Settling Defendant shall pay to EPA the amount specified in this Paragraph, plus an additional sum for Interest on that amount calculated from May 13, 2021, through the date of payment.

a.     Bridgestone Americas Tire Operations, LLC shall pay to EPA $425,000.

b.     Ferodo America, LLC shall pay to EPA $275,000.

5

5.      The United States and Ferodo America, LLC agree that the payment of Past Response Costs required by Subparagraph 4.b (Payment by Settling Defendants for Past Response Costs) is not subject to any further reduction based on the terms of the DOJ GSA and Confirmed Plan. To the extent that the DOJ GSA and Confirmed Plan are deemed applicable to the amount payable under this Consent Decree, the payment required by Subparagraph 4.b, shall represent the "Distribution Amount" as defined by Paragraph 10 of the DOJ GSA, and the payment amount already reflects a 65% reduction of the United States' allowed unsecured claim for an "Additional Site" as required by the Confirmed Plan.

6.      Settling Defendants shall make payment at https://www.pay.gov in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the Southern District of Indiana after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, Site/Spill ID Number C5T1, and DJ Number 90-11-2-770/3, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU will provide the payment instructions to:

For Bridgestone Americas Tire Operations, LLC:

> David M. Dumas
> Associate General Counsel
> Legal Recoveries and Environmental Litigation
> Bridgestone Americas, Inc.
> 200 4th Avenue South
> Nashville, TN 37201
> (615) 937-3720
> DumasDavid@bfusa.com
>
> *and*
>
> Christine F. Justice
> Senior Manager of Remediation

6

Environmental Affairs
Bridgestone Americas, Inc.
200 4th Avenue South
Nashville, TN 37201
(662) 202-2781
JusticeChristine@bfusa.com

For Ferodo America, LLC:

Mary Ellen Hogan
Associate General Counsel
Environment Health Safety & Security
Tenneco
500 North Field Drive
Lake Forest, IL 60045
(224) 250-7443
MHogan@driv.com

on behalf of Settling Defendants. Settling Defendants may change the individual to receive

payment instructions on their behalf by providing written notice of such change to DOJ and

EPA in accordance with Section XII (Notices and Submissions).

7.      **Deposit of Payment**. The total amount to be paid pursuant to Paragraph 4

shall be deposited by EPA in the EPA Hazardous Substance Superfund.

8.      **Notice of Payment**. At the time of payment, Settling Defendants shall send

to EPA and DOJ, in accordance with Section XII (Notices and Submissions), a notice of this

payment including references to the CDCS Number, Site/Spill ID Number C5T1, and DJ

Number 90-11-2-770/3.

## VI.    FAILURE TO COMPLY WITH CONSENT DECREE

9.      **Interest on Late Payments**. If a Settling Defendant fails to make any

payment under Paragraph 4 (Payment by Settling Defendants for Past Response Costs) by

the required due date, Interest shall continue to accrue on the unpaid balance through the

date of payment.

7

10.    **Stipulated Penalty**

a.    If any amounts due to EPA under Paragraph 4 (Payment by Settling Defendants for Past Response Costs) are not paid by a Settling Defendant by the required date, that Settling Defendant shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 9, $1,000 per violation per day that such payment is late.

b.    Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. A Settling Defendant shall make all stipulated penalty payments at https://www.pay.gov in accordance with the procedures under Paragraph 6 and send notice of this payment in accordance with Paragraph 8 (Notice of Payment). A Settling Defendant shall indicate in the comment field on the https://www.pay.gov payment form that the payment is for stipulated penalties.

c.    Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

11.    If the United States brings an action to enforce this Consent Decree, the Settling Defendant against whom such action is brought shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12.     Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

13.     Any Settling Defendant that fails to make any payment under Section V (Payment of Response Costs) by the required due date shall be liable for a sum equal to all amounts owed to the United States under this Consent Decree. In the event of the failure of either of the Settling Defendants to make the payments required under this Consent Decree, the Settling Defendant that failed to make one or more payments shall be responsible for all unpaid amounts.

14.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section V (Payment of Response Costs) or from performance of any other requirements of this Consent Decree.

## VII.   COVENANTS BY PLAINTIFF

15.     **Covenants for Settling Defendants and Settling Defendant's Related Party by United States**. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants or Settling Defendant's Related Party pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. These covenants shall take effect upon the Effective Date. Each Settling Defendant's and Settling Defendant's Related Party's entitlement to the aforementioned covenants is conditioned upon each Settling Defendant's satisfactory performance of its respective obligations under

this Consent Decree. These covenants extend only to Settling Defendants and Settling Defendant's Related Party and do not extend to any other person.

## VIII. RESERVATIONS OF RIGHTS BY UNITED STATES

16.     The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants and Settling Defendant's Related Party with respect to all matters not expressly included within Paragraph 15 (Covenants for Settling Defendants by United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

a.     liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b.     liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c.     liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d.     criminal liability; and

e.     liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

17.     Nothing in this Consent Decree shall be construed to alter the scope or effect of the Confirmed Plan and DOJ GSA.

## IX.    COVENANTS BY SETTLING DEFENDANTS AND SETTLING DEFENDANT'S RELATED PARTY

18.     **Covenants by Settling Defendants and Settling Defendant's Related Party**. Settling Defendants and Settling Defendant's Related Party covenant not to sue and

10

agree not to assert any claims or causes of action against the United States or its contractors or employees with respect to Past Response Costs and this Consent Decree, including but not limited to:

a.  any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.  any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Indiana, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

c.  any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs.

19.  Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

20.  **Waiver of Claims by Settling Defendants and Settling Defendant's Related Party**

a.  Settling Defendants and Settling Defendant's Related Party agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have:

11

(1)    **De Micromis Waiver**. For all matters relating to Past Response Costs against any person where the person's liability to Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials;

(2)    ***De Minimis*/Ability to Pay Waiver**. For Past Response Costs relating to the Site against any person that has entered into a final CERCLA Section 122(g) *de minimis* settlement, or a final settlement based on limited ability to pay, with EPA with respect to the Site.

b.    Exceptions to Waivers

(1)    The waivers under this Paragraph 20 shall not apply with respect to any defense, claim, or cause of action that Settling Defendants may have against any person otherwise covered by such waivers if such person asserts a claim or cause of action relating to the Site against such Settling Defendants;

(2)    The waivers under this Paragraph 20 shall not apply with respect to any defense, claim, or cause of action against any person otherwise covered by such waiver if EPA determines that: (i) the materials containing

12

hazardous substances contributed to the Site by such person contributed

significantly or could contribute significantly, either individually or in the

aggregate, to the cost of the response action or natural resource restoration at

the Site; or (ii) such person has failed to comply with any information request

or administrative subpoena issued pursuant to Section 104(e) or 122(e)(3)(B)

of CERCLA, 42 U.S.C. § 9604(e) or 9622(e)(3)(B), or Section 3007 of

RCRA, 42 U.S.C. § 6927, or has impeded or is impeding, through action or

inaction, the performance of a response action or natural resource restoration

with respect to the Site; or if (iii) such person has been convicted of a

criminal violation for the conduct to which the waiver would apply and that

conviction has not been vitiated on appeal or otherwise.

## X.    EFFECT OF SETTLEMENT/CONTRIBUTION

21.    Except as provided in Paragraph 20 (Waiver of Claims by Settling

Defendants and Settling Defendant's Related Party), nothing in this Consent Decree shall be

construed to create any rights in, or grant any cause of action to, any person not a Party to

this Consent Decree. Except as provided in Section IX (Covenants by Settling Defendants

and Settling Defendant's Related Party), each of the Parties expressly reserves any and all

rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. §

9613), defenses, claims, demands, and causes of action that it may have with respect to any

matter, transaction, or occurrence relating in any way to the Site against any person not a

Party hereto. Nothing in this Consent Decree diminishes the right of the United States,

pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any

such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

22.    The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

23.    The Parties further agree, and by entering this Consent Decree this Court finds, that the Complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

24.    Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days after service of the Complaint or claim upon it. In addition, each Settling Defendant shall notify EPA and DOJ within 10 days after

14

service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

26. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII.

## XI.    RETENTION OF RECORDS

26. Until 5 years after the Effective Date, each Settling Defendant shall preserve and retain all non-identical copies of records, reports, documents, and other information (including records, reports, documents, and other information in electronic form) (hereinafter referred to as "Records") now in its possession or control or that come into its possession or control, that relate in any manner to its liability under CERCLA with respect to the Site and all Records that relate to the liability of any other person under CERCLA with respect to the Site. Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

27. At the conclusion of the record retention period, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, and except as provided in Paragraph 28 (Privileged and Protected Claims), Settling Defendants shall deliver any such Records to EPA.

15

28.     **Privileged and Protected Claims**

a.      Settling Defendants may assert that all or part of a Record is privileged or protected as provided under federal law, provided it complies with Subparagraph 28.b, and except as provided in Subparagraph 28.c.

b.      If Settling Defendants assert a claim of privilege or protection, they shall provide Plaintiff with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, Settling Defendants shall provide the Record to Plaintiff in redacted form to mask the privileged or protected information only. Settling Defendants shall retain all Records that they claim to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the Settling Defendants' favor.

c.      Settling Defendants may make no claim of privilege or protection regarding:

(1)     any data regarding the Site, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

(2)     the portion of any Record that Settling Defendants are required to create or generate pursuant to this Consent Decree.

16

29.    **Business Confidential Claims**. Settling Defendants may assert that all or part of a Record submitted to Plaintiff under Section XI (Retention of Records) is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Settling Defendants shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which Settling Defendants assert a business confidentiality claim. Records that Settling Defendants claim to be confidential business information will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Defendants that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such Records without further notice to Settling Defendants.

30.    Notwithstanding any provision of this Consent Decree, the United States retains all of its information-gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

31.    Each Settling Defendant certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the State and that it has fully complied with any and all EPA and State requests for information regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42

17

U.S.C. §§ 9604(e) and 9622(e)(3)(B), Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

## XII.   NOTICES AND SUBMISSIONS

32.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email**:          eescdcopy.enrd@usdoj.gov
                                 Re: DJ # 90-11-2-770/3

**As to DOJ by mail**:           EES Case Management Unit
                                 U.S. Department of Justice
                                 Environment and Natural Resources Division
                                 P.O. Box 7611
                                 Washington, D.C. 20044-7611
                                 Re: DJ # 90-11-2-770/3

**As to EPA**:                   Adam Mittermaier
                                 Assistant Regional Counsel
                                 U.S. EPA Region 5
                                 77 W. Jackson Boulevard (C-13J), Chicago, IL 60604
                                 mittermaier.adam@epa.gov

**As to Settling Defendants**:

   For Bridgestone Americas Tire Operations, LLC:

                                 David M. Dumas
                                 Associate General Counsel
                                 Legal Recoveries and Environmental Litigation
                                 Bridgestone Americas, Inc.
                                 200 4th Avenue South
                                 Nashville, TN 37201

18

(615) 937-3720
DumasDavid@bfusa.com

*and*

Christine F. Justice
Senior Manager of Remediation
Environmental Affairs
Bridgestone Americas, Inc.
200 4th Avenue South
Nashville, TN 37201
(662) 202-2781
JusticeChristine@bfusa.com

For Ferodo America, LLC:

General Counsel
Tenneco
500 North Field Drive
Lake Forest, IL 60045
(847) 482-5000

*and*

Mary Ellen Hogan
Associate General Counsel
Environment Health Safety & Security
Tenneco
500 North Field Drive
Lake Forest, IL 60045
(224) 250-7443
MHogan@driv.com

## XIII.  RETENTION OF JURISDICTION

33.    This Court shall retain jurisdiction over this matter for the purpose of

interpreting and enforcing the terms of this Consent Decree.

## XIV.  INTEGRATION

34.    This Consent Decree constitutes the final, complete and exclusive agreement

and understanding among the Parties with respect to the settlement embodied in this

Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XV.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

35.    This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

36.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.  SIGNATORIES/SERVICE

37.    Each undersigned representative of a Settling Defendant, Settling Defendant's Related Party, and of the Assistant Attorney General, U.S. Department of Justice, Environment and Natural Resources Division, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

38.    Each Settling Defendant and Settling Defendant's Related Party agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

39.     Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail and email on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. When the United States serves a document upon a Settling Defendant's authorized agent, the United States must send the document to both the mail address and email address listed for that authorized agent. The Parties agree that Settling Defendants need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVII. FINAL JUDGMENT

40.     Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED this 1st day of November 2022.


RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Roger A.G. Sharpe, Clerk

BY:  _____

Deputy Clerk, U.S. District Court

21

Signature Page for Consent Decree Regarding New Castle Asbestos Site

**FOR THE UNITED STATES OF AMERICA**:

Todd Kim
Assistant Attorney General

August 18, 2022
_____
Dated

Pedro Segura
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611
pedro.segura@usdoj.gov


Zachary A. Meyers
United States Attorney
Southern District of Indiana

J. Taylor Kirklin
Assistant United States Attorney
United States Attorney's Office
10 W Market St, Suite 2100
Indianapolis, IN 46204
taylor.kirklin@usdoj.gov

22

Signature Page for Consent Decree Regarding New Castle Asbestos Site

**For the United States EPA, Region 5:**

August 16, 2022
_____

Dated

DOUGLAS BALLOTTI
Digitally signed by DOUGLAS BALLOTTI
Date: 2022.08.16 17:11:25 -05'00'

Douglas Ballotti
Director
Superfund and Emergency Management Division
U.S. Environmental Protection Agency
Region 5
77 W. Jackson Blvd.
Chicago, Illinois 60604

August 17, 2022
_____

Dated

ADAM MITTERMAIER
Digitally signed by ADAM MITTERMAIER
Date: 2022.08.17 09:21:11 -05'00'

Adam Mittermaier
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 W. Jackson Blvd. (C-13J)
Chicago, IL 60604
mittermaier.adam@epa.gov

23

Signature Page for Consent Decree Regarding New Castle Asbestos Site

**FOR BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC:**

7/20/2022
Dated

Name (print): David M. Dumas
Title:
Address:

Agent Authorized to Accept Service on Behalf of Above-signed Party:

David M. Dumas
Associate General Counsel
Legal Recoveries and Environmental Litigation
Bridgestone Americas, Inc.
200 4th Avenue South
Nashville, TN 37201
(615) 937-3720
DumasDavid@bfusa.com

24

Signature Page for Consent Decree Regarding New Castle Asbestos Site

**FOR FERODO AMERICA LLC:**

**FOR FEDERAL MOGUL POWERTRAIN LLC:**

_____
Signature

Dated: _____July 15, 2022_____

Printed Name:  Thomas J. Sabatino, Jr.

 Title:    Executive Vice-President and General Counsel

 Address: 7450 N. McCormick Blvd., Skokie IL 60076


Agent Authorized to Accept Service on Behalf of Above-signed Parties:

Mary Ellen Hogan
Associate General Counsel
Environment Health Safety & Security
Tenneco
7450 N. McCormick Blvd.
Skokie IL 60076
224.250.7443
MHogan@driv.com

25