IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| BRIDGESTONE AMERICAS TIRE OPERATIONS LLC, | |
| LEAR SIEGLER DIVERSIFIED HOLDINGS CORP., | Civil Action No. 1:22-cv-01647 |
| and | |
| FERODO AMERICA, LLC, | |
| Defendants. | |

**CONSENT DECREE**

## TABLE OF CONTENTS

I.      BACKGROUND ................................................................................................ 1
II.     JURISDICTION ................................................................................................ 2
III.    PARTIES BOUND ........................................................................................... 2
IV.     DEFINITIONS.................................................................................................. 3
V.      PAYMENT OF RESPONSE COSTS .............................................................. 5
VI.     FAILURE TO COMPLY WITH CONSENT DECREE .................................. 6
VII.    COVENANTS BY PLAINTIFF....................................................................... 8
VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES................................. 8
IX.     COVENANTS BY SETTLING DEFENDANT................................................ 9
X.      EFFECT OF SETTLEMENT/CONTRIBUTION ......................................... 11
XI.     RETENTION OF RECORDS......................................................................... 12
XII.    NOTICES AND SUBMISSIONS .................................................................. 15
XIII.   RETENTION OF JURISDICTION ............................................................... 16
XIV.    INTEGRATION ............................................................................................. 16
XV.     LODGING AND OPPORTUNITY FOR PUBLIC COMMENT .................. 16
XVI.    SIGNATORIES/SERVICE............................................................................ 17
XVII.   FINAL JUDGMENT ..................................................................................... 17

## I.    BACKGROUND

A.    The United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed a complaint ("Complaint") in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the New Castle Asbestos Site in New Castle, Henry County, Indiana ("the Site").

B.    On July 21, 2017, EPA completed the on-Site response actions authorized by its July 6, 2016 Action Memorandum.

C.    The defendant that has entered into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint.

D.    On July 26, 2018, Lear Siegler Diversified Holdings Corp. filed a Certificate of Dissolution in Delaware.

E.    Due to Settling Defendant's filing of a Certificate of Dissolution in Delaware, the parties understand that Settling Defendant intends to cause the Payment by Settling Defendant for Past Response Costs under Paragraph 4 of this Consent Decree to be made by Liberty Mutual Insurance Company under one or more insurance policies issued to Settling Defendant.

F.      The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.      JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying Complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.     PARTIES BOUND

2.      This Consent Decree is binding upon the United States, and upon Settling Defendant and its heirs, successors, and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV.    DEFINITIONS

3.    Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the U.S. Environmental Protection Agency.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper- or lower-case letter.

"Parties" shall mean the United States and the Settling Defendant.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through May 13, 2020, plus accrued Interest on all such costs through such date.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean Lear Siegler Diversified Holdings Corp.

4

"Site" shall mean the New Castle Asbestos Site, encompassing approximately 9.34 acres, located at 1112 South 25th Street in New Castle, Henry County, Indiana, generally shown on the map included in Appendix A.

 "United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V.    PAYMENT OF RESPONSE COSTS

4.    **Payment by Settling Defendant for Past Response Costs**. Within 30 days after the Effective Date, Settling Defendant shall cause to be paid to EPA $150,000, plus an additional sum for Interest on that amount calculated from May 13, 2020 through the date of payment.

5.    Settling Defendant shall cause payment to be made at https://www.pay.gov in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the Southern District of Indiana after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, Site/Spill ID Number C5T1, and DJ Number 90-11-2-770/3, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU will provide the payment instructions to:

> James F. Matthews, Former President
> Lear Siegler Diversified Holdings Corp.
> 14802 Bellezza Lane
> Naples, FL 34110
> (908) 347-8677
> lsdhc1997@gmail.com

on behalf of Settling Defendant. Settling Defendant may change the individual to receive payment instructions on their behalf by providing written notice of such change to DOJ and EPA in accordance with Section XII (Notices and Submissions).

6.    **Deposit of Payment**. The total amount to be paid pursuant to Paragraph 4 shall be deposited by EPA in the EPA Hazardous Substance Superfund.

7.    **Notice of Payment**. At the time of payment, Settling Defendant shall send to EPA and DOJ, in accordance with Section XII (Notices and Submissions), a notice of this payment including references to the CDCS Number, Site/Spill ID Number C5T1, and DJ Number 90-11-2-770/3.

## VI.    FAILURE TO COMPLY WITH CONSENT DECREE

8.    **Interest on Late Payments**. If Settling Defendant fails to make any payment under Paragraph 4 (Payment by Settling Defendant for Past Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9.    **Stipulated Penalty**

a.    If any amounts due to EPA under Paragraph 4 (Payment by Settling Defendant for Past Response Costs) are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $1,000 per violation per day that such payment is late.

b.    Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. Settling Defendant shall make all

6

payments at https://www.pay.gov in accordance with the procedures under Paragraph 5 and

send notice of this payment in accordance with Paragraph 7 (Notice of Payment). Settling

Defendant shall indicate in the comment field on the https://www.pay.gov payment form

that the payment is for stipulated penalties.

c.      Penalties shall accrue as provided in this Paragraph regardless of

whether EPA has notified Settling Defendant of the violation or made a demand for

payment but need only be paid upon demand. All penalties shall begin to accrue on the day

after payment is due and shall continue to accrue through the date of payment. Nothing in

this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate

violations of this Consent Decree.

10.      If the United States brings an action to enforce this Consent Decree, Settling

Defendant shall reimburse the United States for all costs of such action, including but not

limited to costs of attorney time.

11.      Payments made under this Section shall be in addition to any other remedies

or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with

the requirements of this Consent Decree.

12.      Notwithstanding any other provision of this Section, the United States may,

in its unreviewable discretion, waive payment of any portion of the stipulated penalties that

have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not

excuse Settling Defendant from payment as required by Section V (Payment of Response

Costs) or from performance of any other requirements of this Consent Decree.

## VII.    COVENANTS BY PLAINTIFF

13.    **Covenants for Settling Defendant by United States**. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. These covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. These covenants extend only to Settling Defendant and do not extend to any other person.

## VIII.    RESERVATIONS OF RIGHTS BY UNITED STATES

14.    The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within Paragraph 13 (Covenants for Settling Defendant by United States). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

a.    liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b.    liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c.    liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d.    criminal liability; and

8

e.      liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX.    COVENANTS BY SETTLING DEFENDANT

15.    **Covenants by Settling Defendant**. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States or its contractors or employees with respect to Past Response Costs and this Consent Decree, including but not limited to:

a.      any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.      any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Indiana, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

c.      any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs.

16.    Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

17.    **Waiver of Claims by Settling Defendant**

   a.  Settling Defendant agrees not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that it may have:

   (1)  **De Micromis Waiver**. For all matters relating to the Site against any person where the person's liability to Settling Defendant with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials;

   (2)  ***De Minimis*/Ability to Pay Waiver**. For response costs relating to the Site against any person that has entered or in the future enters into a final CERCLA Section 122(g) *de minimis* settlement, or a final settlement based on limited ability to pay, with EPA with respect to the Site.

   b.  Exceptions to Waivers

   (1)  The waivers under this Paragraph 18 shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person otherwise covered by such waivers if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

## X.    EFFECT OF SETTLEMENT/CONTRIBUTION

18.    Except as provided in Paragraph 17 (Waiver of Claims by Settling Defendant), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section IX (Covenants by Settling Defendant), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2)-(3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

19.    The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

20.    The Parties further agree, and by entering this Consent Decree this Court finds, that the Complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent

Decree constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

21.     Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days after service of the Complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

22.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII.

## XI.    RETENTION OF RECORDS

23.     Until the Effective Date, Settling Defendant shall preserve and retain all non-identical copies of records, reports, documents, and other information (including records, reports, documents, and other information in electronic form) (hereinafter referred to as

"Records") now in its possession or control or that come into its possession or control, that
relate in any manner to its liability under CERCLA with respect to the Site and all Records
that relate to the liability of any other person under CERCLA with respect to the Site. Each
of the above record retention requirements shall apply regardless of any corporate retention
policy to the contrary.

24.    At the conclusion of the record retention period, Settling Defendant shall
notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon
request by EPA or DOJ, and except as provided in Paragraph 25 (Privileged and Protected
Claims), Settling Defendant shall deliver any such Records to EPA.

25.    **Privileged and Protected Claims**

a.    Settling Defendant may assert that all or part of a Record is privileged
or protected as provided under federal law, provided it complies with Subparagraph 25.b
and except as provided in Subparagraph 25.c.

b.    If Settling Defendant asserts a claim of privilege or protection, it shall
provide Plaintiff with the following information regarding such Record: its title; its date; the
name, title, affiliation (e.g., company or firm), and address of the author, each addressee,
and of each recipient; a description of the Record's contents; and the privilege or protection
asserted. If a claim of privilege or protection applies only to a portion of a Record, Settling
Defendant shall provide the Record to Plaintiff in redacted form to mask the privileged or
protected information only. Settling Defendant shall retain all Records that it claims to be
privileged or protected until the United States has had a reasonable opportunity to dispute
the privilege or protection claim and any such dispute has been resolved in the Settling
Defendant's favor.

13

c.      Settling Defendant may make no claim of privilege or protection

regarding:

(1)      any data regarding the Site, including but not limited to, all

sampling, analytical, monitoring, hydrogeologic, scientific, chemical,

radiological, or engineering data, or the portion of any other Record that

evidences conditions at or around the Site; or

(2)      the portion of any Record that Settling Defendant is required

to create or generate pursuant to this Consent Decree.

26.      **Business Confidential Claims**. Settling Defendant may assert that all or part

of a Record submitted to Plaintiff under this Section or Section XI (Retention of Records) is

business confidential to the extent permitted by and in accordance with Section 104(e)(7) of

CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Settling Defendant shall

segregate and clearly identify all Records or parts thereof submitted under this Consent

Decree for which Settling Defendant asserts a business confidentiality claim. Records that

Settling Defendant claims to be confidential business information will be accorded the

protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality

accompanies Records when they are submitted to EPA, or if EPA has notified Settling

Defendant that the Records are not confidential under the standards of Section 104(e)(7) of

CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such Records

without further notice to Settling Defendant.

27.      Notwithstanding any provision of this Consent Decree, the United States

retains all of its information-gathering and inspection authorities and rights, including

14

enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

28.    Settling Defendant certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the State and that it has fully complied with any and all EPA and State requests for information regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B), Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

## XII.    NOTICES AND SUBMISSIONS

29.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email**:        eescdcopy.enrd@usdoj.gov
                              Re: DJ # 90-11-2-770/3


**As to DOJ by mail**:         EES Case Management Unit
                              U.S. Department of Justice
                              Environment and Natural Resources Division
                              P.O. Box 7611
                              Washington, D.C. 20044-7611
                              Re: DJ # 90-11-2-770/3

**As to EPA**:                 Adam Mittermaier
                              Assistant Regional Counsel

U.S. EPA Region 5
77 W. Jackson Boulevard (C-13J), Chicago, IL 60604
mittermaier.adam@epa.gov

**As to Settling Defendant**:    James F. Matthews, Former President
Lear Siegler Diversified Holdings Corp. a dissolved
corporation
14802 Bellezza Lane
Napes, FL 34110
lsdhc1997@gmail.com

With a copy to:    Carrie G. Doehrmann
Frost Brown Todd LLC
201 North Illinois Street, Suite 1900
Indianapolis, IN 46204
cdoehrmann@fbtlaw.com

## XIII.    RETENTION OF JURISDICTION

30.    This Court shall retain jurisdiction over this matter for the purpose of

interpreting and enforcing the terms of this Consent Decree.

## XIV.    INTEGRATION

31.    This Consent Decree constitutes the final, complete and exclusive agreement

and understanding among the Parties with respect to the settlement embodied in this

Consent Decree. The Parties acknowledge that there are no representations, agreements, or

understandings relating to the settlement other than those expressly contained in this

Consent Decree.

## XV.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

32.    This Consent Decree shall be lodged with the Court for a period of at least

30 days for public notice and comment. The United States reserves the right to withdraw or

withhold its consent if the comments regarding the Consent Decree disclose facts or

considerations that indicate that this Consent Decree is inappropriate, improper, or

16

inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

33.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.    SIGNATORIES/SERVICE

34.    Each undersigned representative of Settling Defendant and of the Assistant Attorney General, U.S. Department of Justice, Environment and Natural Resources Division, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

35.    Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

36.    Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVII.  FINAL JUDGMENT

37.    Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling

Defendant. The Court finds that there is no just reason for delay and therefore enters this

judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED this 1st day of November 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Roger A.G. Sharpe, Clerk

BY: _____

Deputy Clerk, U.S. District Court

Signature Page for Consent Decree Regarding New Castle Asbestos Site

**FOR THE UNITED STATES OF AMERICA**:

Todd Kim
Assistant Attorney General

August 18, 2022
Dated

Pedro Segura
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

Zachary A. Meyers
United States Attorney
Southern District of Indiana

J. Taylor Kirklin
Assistant United States Attorney
United States Attorney's Office
10 W Market St, Suite 2100
Indianapolis, IN 46204
taylor.kirklin@usdoj.gov

19

Signature Page for Consent Decree Regarding New Castle Asbestos Site

**For the United States EPA, Region 5:**

August 16, 2022

—————————————

Dated

DOUGLAS BALLOTTI

Digitally signed by DOUGLAS BALLOTTI
Date: 2022.08.16 17:12:53 -05'00'

Douglas Ballotti
Director
Superfund and Emergency Management Division
U.S. Environmental Protection Agency
Region 5
77 W. Jackson Blvd.
Chicago, Illinois 60604

August 17, 2022

—————————————

Dated

ADAM MITTERMAIER

Digitally signed by ADAM MITTERMAIER
Date: 2022.08.17 09:23:32 -05'00'

Adam Mittermaier
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 W. Jackson Blvd. (C-13J)
Chicago, IL 60604
mittermaier.adam@epa.gov

20

Signature Page for Consent Decree Regarding New Castle Asbestos Site

**FOR LEAR SIEGLER DIVERSIFIED HOLDINGS CORP.:**

8/3/22
Dated

Name (print): _JAMES F. MATTHEWS_
Title: _FORMER PRESIDENT_
Address:

_14802 BELLEZZA LANE_
_NAPLES, FL 34110_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _JAMES F MATTHEWS_
Title: _FORMER PRESIDENT_
Address: _14802 BELLEZZA LANE, NAPLES, FL 34110_
Phone: _(908) 347-8677_
email: _LSDHC1997@GMAIL.com_

0000T69.0737570  4865-9465-6263v3

21

# **APPENDIX A**

Map Depicting Approximate Boundary of New Castle Asbestos Site
1112 South 25th Street, New Castle, Henry County, Indiana

